RECEIVED
NOV 17 2017
CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN EVERETT

    Plaintiff

Vs.

FIELDWORKS INC
LAURA BARKLEY
ZACHARY REIDER
CHRIS GALLAWAY
LEWIS GRANOFSKY

    Defendants

Civil Action

No. 17-1495

**JURY TRIAL DEMANDED**

## CIVIL COMPLAINT

1. Plaintiff Justin Everett is filing this civil complaint Pro Se in order to meet procedural deadlines among other things. I am still looking for representation while working 50 hour weeks and getting married so I've been busy.

### I. Jurisdiction

2. This is an employment discrimination case, brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964 as amended, Title VII of the Civil Rights Act of 1991, The Civil Rights Act of 1866 42 USC 1981,

1

as amended by the Civil Rights Act of 1991 and also the Pennsylvania Human Relations Act.

3. Plaintiff has satisfied all procedural and administration prerequisites to file suit under all the aforestated laws.

## II The Parties

4. Justin Everett is an African American who resides in Allegheny County.

5. Defendant's Fieldworks' office was located at 321 Pennwood Avenue, Pgh. PA where I worked for several months. We are also suing Laura Barkley, Zachary Reider, Chris Gallaway and Lewis Granofsky in both their professional and personal capacities.

## III Venue

6. We believe the venue is proper because defendants have resided in or conducted business in this judicial district and/or because all of the acts giving rise to the claims set forth herein occurred in this judicial district.

## IV Factual Background

7. I was hired in the summer of 2016 as a field canvasser for Fieldworks by black field manager Joel Williams. I thrived while working under Joel and managed to average anywhere from 18 to 20 voter registration cards per day. My final totals were an estimated 2000 people registered but we'll confirm the exact number during the discovery process. I was later promoted to field manager. In fact, considering my averages and the total number of people I registered to vote, I was arguably the best canvasser in the organization. I would put my numbers up against anyone in the state. I was even told to apply to post election job opportunities. However, that didn't stop me from losing my job based on the allegation of "duplicate" voter registrations. No proof of this violation was ever provided to me. If no proof is forthcoming, then we would remind the court that I was fired for subjective reasons and that subjective reasons demand a jury trial. Two, we were encouraged by management to attain duplicate registrations! This is why I definitely believe I was fired because of race and that my gender may have played a role in my termination as well, although if the discovery process doesn't support that gender claim it may well be withdrawn.

8. From what I know as an amateur, and from what I've read from my unofficial co plaintiff's filings (Yes Philip Shropshire was my supervisor and we have compared notes. And for the record Phil was never "disruptive" and was simply telling Fieldworks management not to break the law. He has also offered to correct any typos in my complaint. He is, afterall, an English major.) here are the kinds or pretext we've seen from defendants. I got the case law from the Internet from attorneys I probably couldn't afford. Here's one example:

https://www.bostonemploymentattorneyblog.com/2016/02/01/inferring-pretext-in-employment-discrimination-cases-a-bakers-dozen/

9. We think the kinds of pretext and case theory that we'll be talking about include but aren't limited to: Pattern and practice (white canvassers were given lower quotas and fired black workers were often never given proof of their offenses, myself included.), comparators, designing failure, deviation from policy, disbelief or mendacity, failure to document, performance history, shoddy investigation or in my case no investigation and subjective criteria. I also think the company was guilty of criminal violations by asking for and firing people over voter registration quotas. I will still testify for the Attorney General in the ongoing criminal case if anyone would just give me

a call. I can offer more specifics when we see their response which we hope has copies of those never seen voter registration "duplicates", that management encouraged in order to get their numbers up.

## Count I

## 42 U.S.C Race Discrimination

10. Plaintiff incorporates by reference the allegations in paragraphs 1 though 9.

11. Defendants fired plaintiff because of his race.

12. When defendants fired plaintiff they violated my rights to make and enforce contracts irrespective of race.

13. As a result of Defendant's discriminatory treatment, I have suffered and continue to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

5

14. Wherefore, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. 1981 as follows:

   a. That Defendant be required to compensate Plaintiff for the full value of wages and benefits he would have received had it not been for Defendant's illegal activity, with interest from the time that Plaintiff lost is position in September 2016.
   b. That Plaintiff be awarded compensatory damages of $35000 and punitive damages of $1 million dollars or an amount to be determined at trial.
   c. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee and:
   d. That Plaintiff be awarded such relief as this court deems to be just and proper.

**Count II**

**Title VII, PHRA Race and Gender Discrimination**

15. Plaintiff incorporates by reference the allegations in Paragraphs 1 though 14.

16. Defendants fired Plaintiff because of his race and gender in violation of Title VII, The Civil Rights Act of 1964, 42 U.S.C. as amended by the Civil Rights Act of 1991, 42 USC 1981A.

17. The Defendants actions in firing Plaintiff because of his race and gender was undertaken intentionally and with reckless indifference to Plaintiff's federally protected right to be free from discrimination because of his race and gender.

18. As a result of Defendant's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer damages including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

19. Wherefore, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 USC 1981 against Defendant as follows:

a. That Defendant be required to compensate Plaintiff for the full value of wages and benefits he would have received had it not been for Defendant's illegal activity, with interest from the time that Plaintiff lost his position in September 2016.

b. That Plaintiff be awarded compensatory damages of $35000 and punitive damages of $1 million dollars or an amount to be determined at trial.

c. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee and:

d. That Plaintiff be awarded such relief as this court deems to be just and proper.

If I don't pay for the summons today, then I will send Defendants a Motion to Waiver.

Respectfully submitted,

Justin Everett
Signature: *[signature]*
Date: 11/17/2017
Address: 3508 Duquesne Aw, West Mifflin PA, 15122

Phone Number: 721 936-3312