IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN EVERETT, )
        Plaintiff, )
)
v. )
) Civil Action No. 2:17-cv-01495-PJP
FIELDWORKS, INC., LAURA )
BARKLEY, ZACHARY REIDER, )
CHRIS GALLAWAY and LEWIS )
GRANOFSKY, )
)
        Defendants. )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COHEN & GRIGSBY, P.C.**
Jennifer S. Park
Pa I.D. 87733 / jpark@cohenlaw.com
Kelsey J. Gdovin
Pa. I.D. 322715/ kgdovin@cohenlaw.com

625 Liberty Avenue
Pittsburgh, PA 15222-3152
(412) 297-4900 / Fax: (412) 209-0672

Counsel for Defendants,
Fieldworks, Inc., Laura Barkley, Zachary
Reider, Christopher Gallaway and Lewis
Granofsky

Dated: February 15, 2019

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1
II. RELEVANT PROCEDURAL HISTORY .....................................................................2
III. UNDISPUTED MATERIAL FACTS ............................................................................2
    A. THE PARTIES....................................................................................................2
    B. PLAINTIFF'S TERMINATION .......................................................................4
    C. NO EVIDENCE OF RACIAL OR GENDER DISCRIMINATION ..................4
IV. SUMMARY JUDGMENT STANDARD .....................................................................4
V. LEGAL ARGUMENT....................................................................................................5
    A. NO LIABILITY FOR FIELDWORKS .............................................................5
    B. NO INDIVIDUAL LIABILITY .........................................................................7
    C. NO PERSONAL JURISDICTION OVER INDIVIDUAL DEFENDANTS ..........9
VI. CONCLUSION.............................................................................................................11

# TABLE OF CASES

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)....................................................5

Betts v. Summit Oaks Hosp., 687 F. App'x 206 (3d Cir. 2017) .......................................5

Bielich v. Johnson & Johnson, Inc., 6 F. Supp. 3d 589 (W.D. Pa. 2014)........................6

Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358
(3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ...........................................................5

Bowers v. NETI Techs., Inc., 690 F. Supp. 349 (E.D. Pa. 1988).....................................9

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ................................................................5

Crittendon v. Grove, No. CIV.A. 09-246 ERIE, 2010 WL 2723215
(W.D. Pa. July 8, 2010)....................................................................................................6

Dici v. Com. of Pa., 91 F.3d 542 (3d Cir. 1996)..............................................................9

Heinrich v. Serv. Corp. Int'l, No. 09CV0524, 2009 WL 2177229
(W.D. Pa. July 22, 2009)..................................................................................................9

Jablonski v. Pan American World Airways, Inc., 863 F.2d 289 (3d Cir. 1988)..............8

Johnson v. RR. Donnelly, 2013 WL 5971071 (W.D. Pa. Nov. 8, 2013).........................8

Khazraji v. Saint Francis Coll., 784 F.2d 505 (3d Cir. 1986), aff'd,
81 U.S. 604 (1987)...........................................................................................................8

Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871 (1990)........................................................5

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) .............................................6

Murthy v. Indiana Univ. of Pennsylvania, No. CIV.A. 12-1194,
2013 WL 1363924 (W.D. Pa. Apr. 3, 2013)....................................................................9

Ness v. Marshall, 660 F.2d 517 (3d Cir. 1981)................................................................5

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312 (3d Cir. 2007) ................................10

Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061 (3d Cir. 1996) ................8

Strategic Staffing Grp. Inc. v. Friedell, No. CIV.A. 06-CV-1398,
2006 WL 2668576 (E.D. Pa. Sept. 14, 2006) ............................................................9, 10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN EVERETT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FIELDWORKS, INC., LAURA BARKLEY, ZACHARY REIDER, CHRIS GALLAWAY and LEWIS GRANOFSKY,<br><br>　　　　　Defendants. | Civil Action No. 2:17-cv-01495-PJP |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Fieldworks, LLC, Laura Barkley, Zachary Reider, Christopher Gallaway and Lewis Granofsky (collectively, "the Defendants"), by their attorneys, Cohen & Grigsby, P.C., and pursuant to Federal Rule of Civil Procedure 56 and Western District of Pennsylvania Local Rule 56.1, file this Memorandum of Law in Support of their Motion for Summary Judgment.

## I. INTRODUCTION

Plaintiff Justin Everett has sued Fieldworks, LLC ("FieldWorks"), as well as individuals Laura Barkley ("Barkley"), Zachary Reider ("Reider"), Christopher Gallaway ("Gallaway"), and Lewis Granofsky ("Granofsky"), alleging racial and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Civil Rights Act of 1991, 42 U.S.C. §1981 ("Section 1981"), and the Pennsylvania Human Relations Act ("PHRA"). The Court should grant summary judgment in favor of Defendants and against Plaintiff for the following reasons:

- Plaintiff fails to set forth a prima facie case of racial or gender discrimination against FieldWorks;
- No liability attaches to individuals under Title VII as a matter of law;

- Plaintiff has not and cannot set forth facts to support individual liability under any other statute; and

- The court lacks personal jurisdiction over the individual defendants.

## II. RELEVANT PROCEDURAL HISTORY

On or about November 17, 2017, Plaintiff filed a Complaint in the above-captioned action and Motion for Leave to Proceed in forma Paupers. (Doc. No. 3). On July 11, 2018, the Court issued an Order to Show Cause why this proceeding should not be dismissed for failure to prosecute (Doc. No. 5). The Complaint was served by the U.S. Marshal on November 24, 2018. (Doc. No. 10). On October 23, 2018, Defendants filed their Answer and Affirmative Defenses. (Doc. No. 13). The parties were permitted to file their Motion for Partial Summary Judgment on or before February 15, 2019. (Doc. No. 33). Discovery shall close on May 10, 2019. (Doc. No. 24). Trial is scheduled to begin on October 7, 2019. (Doc. No. 25).

## III. UNDISPUTED MATERIAL FACTS[1]

### A. The Parties

FieldWorks is a District of Columbia limited liability company, which was retained by nonprofit and political organizations to assist in registering persons to vote in Pittsburgh, where it maintained a field office in 2016 for purposes of the 2016 Presidential election (the "Pittsburgh office"). (Facts, ¶¶3, 5). Following the voter registration deadlines, i.e., 30-40 days before the election, the Pittsburgh office closed and there are no active employees. (Facts, ¶¶6-7). No employees in the Pittsburgh office in 2016 are currently employed by FieldWorks. (Facts, ¶8).

---

[1] Defendants filed a Concise Statement of Undisputed Material Facts ("Facts") with this Memorandum per W.D. Pa. L.R. 56. Citations to the evidentiary record herein are designated as "Facts, ¶__." For the Court's convenience, Defendants offer a summary of those facts *infra*.

FieldWorks is responsible for hiring, training and deploying and supervising canvassers who would go to door to door or stand in public places and ask unregistered individuals if the wanted to register to vote and, if they did, provide them with an official voter registration form and instructions for completing it. (Facts, ¶¶10-11). FieldWorks has a zero tolerance policy pertaining to fraud including falsifying any written or electronic information. (Facts, ¶12). The forms were to be turned into FieldWorks' Pittsburgh office. (Facts, ¶13). FieldWorks entered information from the forms into a database in order to ensure compliance with applicable laws and to ensure that applications were not fraudulent. (Facts, ¶¶14-15). FieldWorks' data entry staff is in Philadelphia and has no contact with canvassers or team leaders in the Pittsburgh office. (Facts, ¶16).

Defendants Christopher Gallaway, Lewis Granofsky, Laura Barkley and Zachary Reider (collectively, the "Individual Defendants"), have been sued in their personal and professional capacity. (Facts, ¶9). The Plaintiff's Complaint contains no allegations setting forth any factual basis to support liability against any of the Individual Defendants in their personal or professional capacity. (ECF Doc. No. 4). None of the Individual Defendants live or work in Pennsylvania or otherwise have contact with it. (Facts, ¶¶29-54).

Plaintiff is an African American male. (Facts, ¶1). Plaintiff was hired by FieldWorks in the Pittsburgh office in May 2016 and terminated in September 2016, i.e., approximately four months later. (Facts, ¶¶4, 18). Plaintiff's primary responsibility was to collect voter registration applications from unregistered individuals. (Facts, ¶19). Plaintiff's secondary responsibility was to manage teams of other canvassers. (Facts. ¶20.

### B. Plaintiff's Termination

Plaintiff was terminated on September 3, 2016, because the data entry staff discovered that he had submitted multiple voter registrations for the same individuals. (Facts, ¶¶21-22). Specifically, Mr. Everett committed voter registration fraud by registering the same people over and over again. (Facts, ¶23). Laura Barkley, an office director in the Pittsburgh office, was instructed to terminate Plaintiff based on information from FieldWorks' data entry team that he was submitting fraudulent applications. (Facts, ¶¶40-42).

### C. No Evidence of Racial or Gender Discrimination

The data entry team, which sits in Philadelphia, instructed Barkley to terminate Plaintiff. (Facts, ¶16). The team never met the Team Leaders in Pittsburgh and, thus, would not have known Plaintiff's race or possibly gender. (Facts, ¶17). All of the team leaders in the Pittsburgh office at the time Mr. Everett was terminated were African American. (Facts, ¶¶25-26). The majority of the team leaders in the Pittsburgh office of FieldWorks were male. (Facts, ¶27). At no time did Mr. Everett ever complain about any discriminatory treatment to Ms. Barkley or, to her knowledge, to any supervisor or management personnel at FieldWorks. (Facts, ¶28). At no time did Mr. Everett ever complain to Ms. Barkley about his working conditions or situation. (Id.). When he was fired, Plaintiff was not replaced by a Caucasian employee or a female employee. (Facts, ¶¶43, 53).

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Under this standard, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) ("In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."). Thus, the Supreme Court has held that "[b]y its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Nor can the non-moving party avoid summary judgment by resting on mere assertions – unsupported by record evidence – that the facts are sufficient to support her claims. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1362 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993). In other words, a party resisting a motion for summary judgment cannot merely rely upon conclusory allegations or bare assertions. Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981). Rather, the non-moving party must offer specific material evidence that not only contradicts the evidence presented by the movant, but is sufficient to establish the existence of material factual disputes that must be resolved at trial. Id.

## V. LEGAL ARGUMENT

### A. NO LIABILITY FOR FIELDWORKS

To establish a prima facie case of discrimination, a plaintiff must show that he (1) belongs to a protected class; (2) is qualified for the position; (3) suffered some form of adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination. Betts v. Summit Oaks Hosp., 687 F. App'x 206, 207 (3d Cir. 2017). If a prima facie case is established, the burden then shifts to the defendant to articulate a

legitimate, nondiscriminatory reason for the plaintiff's adverse treatment. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-803 (1973). Once the defendant satisfies this burden, the plaintiff must demonstrate that the defendant's stated reasons are merely a pretext for illegal employment discrimination. <u>Id</u>. at 804-805. The legal standard for Title VII, PHRA and Section 1981 claims is identical. <u>Crittendon v. Grove</u>, No. CIV.A. 09-246 ERIE, 2010 WL 2723215, at *4 (W.D. Pa. July 8, 2010); <u>Bielich v. Johnson & Johnson, Inc.</u>, 6 F. Supp. 3d 589, 601 (W.D. Pa. 2014).

Plaintiff cannot establish a prima facie case of discrimination because he cannot establish that his termination occurred under circumstances giving rising to an inference of unlawful discrimination. Plaintiff has not and cannot demonstrate any genuine issue of material fact with respect to the following:

- The data entry team, which sits in Philadelphia, instructed Barkley to terminate Plaintiff;
- Neither Barkley nor Reider, who worked in the Pittsburgh office, recommended or provided input into Plaintiff's termination;
- All of the team leaders in the Pittsburgh office at the time Mr. Everett was terminated were African American. He was not replaced by a Caucasian employee or a female employee;
- At no time did Mr. Everett ever complain about any discriminatory treatment to Barkley or, to her knowledge, to any supervisor or management personnel at FieldWorks.
- At no time did Mr. Everett ever complain to Barkley about his working conditions or situation.

Even if Plaintiff could establish a prima facie case of discrimination, which is denied, Defendant can set forth a legitimate, non-discriminatory reason for his termination. FieldWorks examined Plaintiff's voter registration record and discovered that he had registered the same individuals more than once and, at times, multiple times. The Pennsylvania Election Code

provides for significant penalties for voter registration fraud. Under the Code, the submittal of false voter registration forms can result in a prison sentence of up to one year. 25 P.S. §302. Further, Pennsylvania law makes clear that the coordinate criminal penalties for perjury and false swearing of statements to state officials apply in the context of voter registration. 25 Pa. C.S. §1714.

More fundamentally, organizations that engage in voter registration outreach must be above suspicion in order to operate in today's political climate. Despite no evidence of systemic voter registration fraud by the Association of Community Organizations for Reform Now ("ACORN"), that organization lost all federal funding after evidence of improper voter registration processes was found in certain offices. *Compare* Steve Friess, *Acorn Charged in Voter Registration Fraud Case in Nevada*, N.Y. TIMES, May 5, 2009, at A18, *available at* https://www.nytimes.com/2009/05/05/us/05acorn.html, *with* Legislative Branch Appropriations Act, 2010, Pub. L. No. 111-68 (Oct. 1, 2009), §163 ("None of the funds made available by this joint resolution or any prior Act may be provided to the Association of Community Organizations for Reform Now (ACORN) or any of its affiliates, subsidiaries, or allied organizations.") Against that backdrop, voter registration drives have to enforce policies regarding compliance with election laws at a zero-tolerance level in order to assure self-survival. Based on the foregoing analysis, Plaintiff cannot establish an essential element of his claim, summary judgment should be granted in favor of FieldWorks and against Plaintiff accordingly.

### B. NO INDIVIDUAL LIABILITY

Plaintiff has sued the Individual Defendants in their "personal" and "professional capacity." (Facts, ¶6). The Plaintiff's Complaint, however, contains no allegations setting forth any factual basis to support liability against any of the Individual Defendants in their personal or

professional capacity. Plaintiff simply has not and cannot demonstrate any basis for individual liability in this case. Accordingly, summary judgment should be granted as a matter of law in favor of the Individual Defendants.

Plaintiff, moreover, should not be granted leave to amend the Complaint where, as here, the amendment would be futile, i.e., cannot withstand a motion to dismiss. See Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

First, the law is clear that individuals cannot be held liable for employment discrimination under Title VII. Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996) (holding that individuals cannot be held liable under Title VII). In Johnson v. RR. Donnelly Printing Co., the Western District examined this exact scenario in the context of a case filed by a *pro se* plaintiff. In Johnson, the court explicitly held that the plaintiff's Title VII "claims against the individual are not cognizable as a matter of law" and dismissed the claims against the individual defendants with prejudice. Johnson v. RR. Donnelly, 2013 WL 5971071, at *5 (W.D. Pa. Nov. 8, 2013). Thus, Plaintiff should not be permitted to amend his allegations to sue the Individual Defendants under Title VII.

Second, Plaintiff has not and cannot demonstrate that any of the Individual Defendants intentionally discriminated against him under 42 U.S.C.A. §1981 ("Section 1981") or the Pennsylvania Human Relations Act ("PHRA"). For Section 1981, liability attaches to an individual only if the individual is personally involved in the discrimination, must have intentionally caused the employer to infringe upon the plaintiff's Section 1981 rights, or must have authorized, directed, or participated in the alleged discriminatory conduct. Khazraji v. Saint Francis Coll., 784 F.2d 505, 518 (3d Cir. 1986), aff'd, 481 U.S. 604 (1987). For individual liability to exist under the PHRA, the individually named defendant must have been a supervisor and must

have "aided or abetted" the employer in violating the PHRA. Dici v. Com. of Pa., 91 F.3d 542, 552 (3d Cir. 1996). An individual may be liable under Section 955(e) either as a result of his own discriminatory conduct, or for "refusing to take prompt and remedial action against any discrimination." Murthy v. Indiana Univ. of Pennsylvania, No. CIV.A. 12-1194, 2013 WL 1363924, at *3 (W.D. Pa. Apr. 3, 2013). There is absolutely no indication that any of the Individual Defendants discriminated against Plaintiff.

### C. NO PERSONAL JURISDICTION OVER INDIVIDUAL DEFENDANTS

Gallaway and Granofsky should not be subjected to personal jurisdiction in this case. As Gallaway and Granofsky are partners of Fieldworks, LLC, neither of them reside in Pittsburgh, Pennsylvania. Additionally, Plaintiff has not alleged any specific actions or activities by either defendant that occurred in Pennsylvania. See Heinrich v. Serv. Corp. Int'l, No. 09CV0524, 2009 WL 2177229, at *3 (W.D. Pa. July 22, 2009) (holding that there was no specific jurisdiction because the plaintiff did not allege any facts demonstrating that defendant had "expressly aimed" its conduct at Pennsylvania). Plaintiff has not and cannot demonstrate the type of general contacts that would confer personal jurisdiction. (Facts, ¶¶29-54).

Moreover, "individuals performing acts in a state in their corporate capacity are not subject to personal jurisdiction of the courts of that state for those acts" under the corporate shield doctrine. See Bowers v. NETI Techs., Inc., 690 F. Supp. 349, 357 (E.D. Pa. 1988). To determine if the shield applies courts will look to the following three factors: "(1) the defendant's "role in the corporate structure"; (2) "the nature and quality of the [defendant's] forum contacts"; and (3) "the extent and nature of [the defendant's] personal participation in the [allegedly wrongful] conduct." Strategic Staffing Grp. Inc. v. Friedell, No. CIV.A. 06-CV-1398, 2006 WL 2668576, at *3 (E.D. Pa. Sept. 14, 2006). Any contacts with Pennsylvania were for the benefit of Fieldworks and not

for their personal gain. Strategic Staffing, 2006 WL 2668576, at *4 (exerting personal jurisdictional reach over the defendant because he admitted to being present in the forum for his own personal benefits rather than for the company). Against this backdrop, the claims against Gallaway and Granofsky must be dismissed for lack of personal jurisdiction.

Even if the Court determines that the Individual Defendants have sufficient contacts with Pennsylvania, it should not exercise personal jurisdiction over them. Once it has been determined that a defendant has sufficient contacts with the forum state, the court will consider "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 324 (3d Cir. 2007) (determining that only in "rare" and "compelling" can jurisdiction be deemed unreasonable despite the presence of minimum contacts). The defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Id. (internal citations omitted). The court will consider the following factors: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." Id.

Defendant's Pittsburgh office was open for a few months in 2016 for the express purpose of registering citizens to vote for the 2016 Presidential election. FieldWorks shut down the Pittsburgh office after the deadlines passed because it had served its purpose. No Pittsburgh office employees responsible for voter registration for that election including Barkley or Reider maintained their employment with FieldWorks. It would offend notions of fair play and justice to require any of the Individual Defendants – and especially Barkley and Reider -- to be subject to personal jurisdiction in Pennsylvania where, as here, they only worked in the Pittsburgh office for

a few months, the Pittsburgh office has no active employees or operations, and Barkley and Reider live in Cincinnati, Ohio and Boise, Idaho, respectively. Barkley did not hire, review or supervise Plaintiff. (Facts, ¶44). Instead, she was instructed to terminate him when she commenced her duties as Office Director of the Pittsburgh office. (Facts, ¶¶41-42). Similarly, Reider provided no input or recommendation into Plaintiff's termination, which was a result of a data-driven process that took place out of FieldWorks' then Philadelphia quality control operations. (Facts, ¶¶22-24; 52).

## VI. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Summary Judgment in favor of Defendants and against Plaintiff.

Respectfully submitted,

/s/ *Jennifer S. Park*
Jennifer S. Park
PA I.D. 205842 / jpark@cohenlaw.com
Kelsey J. Gdovin
PA I.D. 322715 / kgdovin@cohenlaw.com

COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
412-297-4900 / Fax 412-209-0672

Counsel for Defendants

Dated: February 15, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion for Summary Judgment was filed with the Court electronically on February 15, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jennifer S. Park