IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIC EVERETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIELDWORKS, INC., LAURA ) <br> BARKLEY, ZACHARY REIDER, CHRIS ) <br> GALLAWAY and LEWIS GRANOFSKY, ) <br> ) <br> Defendants. ) | Civil Action No. 2:17-cv-01495-PJP |

## DEFENDANTS' MOTION TO ATTEND MEDIATION VIA TELEPHONE

1.  Plaintiff, Justin Everett, proceeding *pro se* and in forma pauperis, has sued his former employer Defendant, FieldWorks, LLC ("FieldWorks"), based on alleged racial and gender discrimination.

2.  Mediation is scheduled for March 12, 2019, pursuant to Court Order. (Doc. No. 48).

3.  Pursuant to Section 2.7(A) of the Court's Alternative Dispute Resolution Policies and Procedures ("ADR Procedures"), each party must attend the selected ADR process session, i.e., mediation in this case, in person unless excused.

4.  A corporation or other entity satisfies the attendance requirement if represented by a decision maker (other than counsel) who has full settlement authority and who is knowledgeable about the facts of the case. See ADR Procedures, §2.7(A)(1).

5.  A person who is required to attend the mediation may be excused from attending in person upon a showing that personal attendance would impose an extraordinary or otherwise unjustifiable hardship. See ADR Procedures, §2.7(D).

6.  It is beyond dispute that requiring the Individual Defendants to appear in person for the upcoming Mediation would impose an extraordinary or otherwise unjustifiable hardship.

7. Plaintiff has sued FieldWorks and individual defendants, Christopher Gallaway ("Gallaway"), Lewis Granofsky ("Granofsky"), Laura Moore ("Barkley") and Zachary Reider ("Reider") (collectively, the "Individual Defendants"), alleging racial and gender discrimination against them arising out of his September 2016 termination.

8. On February 15, 2019, Defendants filed a Motion for Summary Judgment and supporting Memorandum ("Summary Judgment Motion") as well as a corresponding Concise Statement of Material Facts ("Facts"). (Doc Nos. 44-47).

9. The Summary Judgment Motion contains the following incontrovertible facts:

- FieldWorks' Pittsburgh office was set up in 2016 to register voters for the 2016 Presidential election. (Facts, ¶5).
- FieldWorks shut down the Pittsburgh office once the voter registration deadlines for the 2016 Presidential election (30-40 days before the November 8, 2016 election), had passed. (Facts, ¶6).
- The Pittsburgh Office has no active clients or employees. (Facts, ¶7).
- Plaintiff was hired in May 2016 to assist with voter registration and was terminated on September 2016. (Facts, ¶¶18-21).

10. Based on the foregoing facts, Plaintiff's damages in this case, if any, are very **minimal**. It is clear that, had Plaintiff retained his employment with FieldWorks, his employment would have been terminated within weeks, anyway, because his primary responsibility was to collect voter registration applications from unregistered individuals for the 2016 presidential election. (Facts, ¶19).

11. To require Defendants to appear in person for Mediation is unjustified in this case.

12. Each and every Individual Defendant resides outside the Commonwealth and, in most cases, **hundreds of miles away**. (Doc No. 44).

13. Specifically, the Individual Defendants reside in the following locations:

|     |     |     |
| --- | --- | --- |
| (a) | Chris Gallaway: | Kensington, MD |
| (b) | Lewis Granofsky: | Portland, Oregon |
| (c) | Laura Barkley: | Cincinnati, OH |
| (d) | Zachary Reider: | Boise, ID |

(Statement of Facts, ¶¶29-55)

14. During the Initial Case Management Conference, the Court decided to hold a settlement conference.

15. On behalf of all Defendants, Christopher Gallaway, Partner and member of FieldWorks, was available telephonically.

16. For purposes of the Mediation, Defendants respectfully request that Mr. Gallaway be permitted to appear telephonically for the Mediation on behalf of FieldWorks as well as the Individual Defendants consistent with prior settlement discussions and his settlement authority in this case on behalf of all Defendants.

17. For the foregoing reasons, Defendants respectfully requests that the within *Motion to Attend Mediation Via Telephone* be granted and that Christopher Gallaway, who has full settlement authority on behalf of FieldWorks and all Individual Defendants, be permitted to appear telephonically for the upcoming March 12, 2019, mediation in accordance with the proposed Order.

Respectfully submitted,

/s/ Jennifer S. Park
Jennifer S. Park
PA I.D. 205842 / jpark@cohenlaw.com
Kelsey J. Gdovin
PA I.D. 322715 / kgdovin@cohenlaw.com

COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
412-297-4900 / Fax 412-209-0672

Counsel for Defendants

Dated: March 7, 2019

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendants' Motion to Attend Mediation Via Telephone* was filed electronically on March 7, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Jennifer S. Park*
Jennifer S. Park