IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN EVERETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:17-cv-01495-PJP |
| v. | ) | |
| | ) | Judge Peter J. Phipps |
| FIELDWORKS, INC., LAURA BARKLEY, | ) | |
| ZACHARY REIDER, CHRIS GALLAWAY | ) | |
| and LEWIS GRANOFSKY, | ) | |
| | ) | ELECTRONIC FILING |
| Defendants. | ) | |
| | ) | |

## EMERGENCY MOTION FOR RELIEF AND TO STRIKE PLAINTIFF'S BRIEF FOR THE UNAUTHORIZED PRACTICE OF LAW

Defendants FieldWorks, LLC, Laura Barkley, Zachary Reider, Christopher Gallaway, and Lewis Granofsky ("Defendants"), through their undersigned counsel, Cohen & Grigsby, P.C., hereby files this Emergency Motion For Relief And To Strike Plaintiff's Brief For The Unauthorized Practice Of Law:

1. On April 9, 2019, Plaintiff filed his Response to Defendants' Reply Brief for Defendants' Motion for Summary Judgment ("Plaintiff's Brief").[1] (Doc. 61)

2. In Plaintiff's Brief, he states that he asked his "friend and fellow co plaintiff Philip Shropshire to help me type this."

3. Philip Shropshire ("Mr. Shropshire") is not a licensed attorney, nor is he a party to this case.

4. The language contained in Plaintiff's Brief clearly indicates that the brief is written by someone other than Plaintiff.

---

[1] Plaintiff's Brief is technically a sur-reply, which he did not request permission to file and is therefore improper.

5. For example, Plaintiff's Brief states that "[w]ithout an inspection of the database there's no way to know that these people were registered by Justin Everett."

6. Moreover, this is not the first time that Mr. Shropshire has provided improper legal assistance to Plaintiff.

7. Mr. Shropshire has, thus far, guided Plaintiff and impermissibly provided legal advice throughout these entire proceedings.

8. As an initial matter, Mr. Shropshire appeared at the Initial Case Management Conference on January 11, 2019.

9. At that time, this Court informed him that, while he could be present at the Conference, he was not permitted to participate in the proceedings.

10. Despite these explicit instructions, Mr. Shropshire attempted to speak on behalf of Plaintiff.

11. Following the Initial Case Management Conference, Mr. Shropshire provided Plaintiff with advice concerning his ADR Stipulation and what steps he should take regarding a filing that he had submitted. (Exhibit A, Email from Mr. Shropshire to Plaintiff, Page 1)

12. Mr. Shropshire's improper guidance increased during the discovery process when he prepared Plaintiff's Initial Disclosures for him. (Exhibit B, Email from Mr. Shropshire to Plaintiff, Page 3)

13. Mr. Shropshire has, thus far, impermissibly participated in every stage of the discovery process, and his unabashed practice of law without a license most recently culminated in writing Plaintiff's Brief.

14. The unauthorized practice of law is a misdemeanor of the third degree in Pennsylvania. 42 Pa. S.C.A. § 2524.

15. Although criminal remedies are available to prevent the unauthorized practice of law, criminal penalties are, in most instances, "inadequate to protect the public from continuing unauthorized practice." Matter of Arthur, 15 B.R. 541, 547 (Bankr. E.D. Pa. 1981) (Enjoining individual from engaging in the unauthorized practice of law).

16. The standard for determining when an individual is practicing law is whether the service being provided by the individual "requires legal knowledge, training, skill and ability beyond those possessed by the average person," and the "stringent requirements for the practice of law are intended to protect and secure the public's interest in competent legal representation." In re Benninger, 357 B.R. 337, 352 (Bankr. W.D. Pa. 2006); Matter of Arthur, 15 B.R. 541, 545.

17. The practice of law is not limited to pleadings and specifically applies to the "preparation of. . .other types of legal papers and giving of [advice] in legal matters. . .because all of these activities require a familiarity with legal principles which are beyond a layperson's knowledge." In re Benninger, 357 B.R. 337 at 352-53 (citations omitted).

18. Further, while *pro se* plaintiffs are permitted to represent themselves, they are not permitted to have non-lawyers participate in the proceedings. Vicet v. I.N.S., 757 F. Supp. 646, 648 (W.D. Pa. 1990).

19. Mr. Shropshire has, thus far, participated in every stage of this proceeding and the discovery process.[2]

20. Mr. Shropshire's blatant practice of law without a license most recently culminated in writing Plaintiff's Brief, and it is impossible to determine which, if any, portions of the filing were prepared by Plaintiff.

21. Accordingly, Defendants move this Court to strike the entirety of Plaintiff's Brief.

---

[2] The Complaint itself even mentions that Mr. Shropshire "offered to correct any typos in my complaint." (Doc. No. 4)

22. Further, Defendants request that this Court immediately order Mr. Shropshire to cease from further improperly participating in these proceedings via his unauthorized practice of law, including preparing documents for, and providing legal advice to Plaintiff. Cole v. Price, 758 A.2d 231, 234 (Pa. Super. Ct. 2000), rev'd in part, 566 Pa. 79, 778 A.2d 621 (2001); York Cty. Bar Ass'n v. Kirk, 59 Pa. D. & C.4th 368, 375 (Com. Pl. 2002).

23. Defendants also move this Court to order that Plaintiff immediately cease submitting filings to this Court that have been prepared by any non-lawyer, including Mr. Shropshire. Vicet, 757 F. Supp. 648.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court strike Plaintiff's Response Brief in its entirety, order Mr. Shropshire to immediately cease improper participation in these proceedings via his unlawful, unauthorized practice of law, order that Plaintiff shall not submit any papers to this Court that have been prepared by a non-lawyer, including Mr. Shropshire, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Kelsey J. Gdovin
Jennifer S. Park
PA I.D. 205842 / jpark@cohenlaw.com
Kelsey J. Gdovin
PA I.D. 322715 / kgdovin@cohenlaw.com

COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
412-297-4900 / Fax 412-209-0672

Counsel for Defendants

Dated: April 11, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Motion For Relief And To Strike Plaintiff's Brief For Unauthorized Practice of Law was filed with the Court electronically on April 11, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and via electronic mail. Parties may access this filing through the Court's system.

/s/ Kelsey J. Gdovin