

FILED

MAY 07 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN EVERETT, )
)
Plaintiff, )
)
v. )
) Civil Action No. 2:17-cv-01495-PJP
)
Fieldworks LLC, et )
al... )
)
Defendants. )
)

# MOTION TO QUASH SUBPOENA DELIVERED MAY 2ND TO NON PARTY PHILIP SHROPSHIRE

1. I, Philip Shropshire, come before this court to quash a motion to appear for a deposition scheduled on May 8th at 2 pm at the law offices of Cohen and Grigsby.

2. I received the subpoena on May 2nd at my house to appear at a deposition scheduled on May 8th.

3. This is the case law from the Third Circuit that I was able to find under the category labeled "Discussion". The case is from the Eastern District

1

of Pennsylania and is called Tamara Green V.

William Cosby filed on Oct. 21, 2016:

II. DISCUSSION Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery, stating that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This broad rule is limited in part by Rule 45(d)(3), which requires a court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

4. Further research revealed that the Federal courts believe at least 10 days to be reasonable. For example in *Subair Systems, LLC v. Precisionaire*:

The Court is aware that Defendant objects to the issuance of the subpoenas on the grounds of timeliness. However, Rule 45(c)(3)(A)(I) requires the issuing court to quash or modify the subpoena only when it fails to allow a "reasonable time" to comply. Here, the subpoenas directed to four of the individuals provided ten days notice to the deponents, which could be deemed "reasonable."

Since I was given the subpoena on May 2nd for a deposition to be held on May 8th it would seem that I wasn't given enough time to reasonably prepare, especially as a pro se plaintiff who needs extra time to prepare.

5. I believe Defendants' Fieldworks, also a Defendant in my own case as well as Chris Gallaway and Zachary Reider, is in violation of at least two rules defined in three above which should allow the motion to be quashed. We believe that the timing is unreasonable (i)(under ten days) and also (iii,) in that I don't want the deposition to delve into matters of my own case and I would like the time to file objections if I can. I would have to do that 14 days before the deposition which would make it hard being that I was only given 6 days to respond.

6. With that, or without a timely court order sanctioning that subpoena, I won't be attending tomorrow's deposition. I would be thrilled to attend one in the future, after mutual discussion and preferably after other aspects of discovery are completed. If I ever get to discovery in my own case. Fingers crossed.

Respectfully,
Philip Shrophsire

Date: 5-7-19
Signature: *[signature]*

## Certificate of Service

I certify that on the 7th day of MAY 2019 this statement will be emailed or mailed to the Defendant's lawyers (Same attorneys represent Fieldworks in my own case.) and a copy was either mailed or delivered to the clerk's office.

Signature: *[signature]*
Date: 5-7-19