# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN EVERETT, | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2:17-cv-01495-PJP** |
| FIELDWORKS, LLC, and ZACHARY REIDER, | ) | |
| | ) | |
| **Defendants.** | ) | **ELECTRONIC FILING** |
| | ) | |
| | ) | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants FieldWorks, LLC and Zachary Reider ("Defendants"), through their undersigned counsel, Cohen & Grigsby, P.C., hereby file the following proposed jury instructions in accordance with Federal Rule of Civil Procedure 51. Defendants reserve the right to modify or add to these instructions depending upon the proof presented or ruling at trial, and to propose alternative instructions to any proposed instructions submitted by Plaintiff.

Respectfully submitted,

*/s/ Jennifer S. Park*

Jennifer S. Park
PA I.D. 205842 / jpark@cohenlaw.com
Kelsey J. Gdovin
PA I.D. 322715 / kgdovin@cohenlaw.com

COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
412-297-4900 / Fax 412-209-0672

Counsel for Defendants

Dated: May 24, 2019

# I.     PRELIMINARY INSTRUCTIONS

## 1.     Introduction

In this case, Mr. Justin Everett claims that he was discriminated on the basis of his race when he was terminated from his employment with FieldWorks. FieldWorks and Mr. Zachary Reider deny those claims and also contend that Mr. Everett was terminated for submitting fraudulent applications.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Mr. Everett must prove to make his case:

To prove his case against FieldWorks under Title VII, § 1981, and the PHRA, Mr. Everett must prove both that FieldWorks terminated him and Mr. Everett's race was a determinative factor in Fieldwork's decision. FieldWorks, however, has given a nondiscriminatory reason for its decision to terminate Mr. Everett. If you believe FieldWorks' stated reason and if you find that the termination would have occurred because of Fieldwork's stated reason regardless of Mr. Everett's race, then you must find for FieldWorks. If you disbelieve Fieldwork's stated reason for its conduct, then you may, but need not, find that Mr. Everett has proved intentional discrimination.

To prove his case against Mr. Reider under § 1981, Mr. Everett must prove both that Mr. Reider terminated him and Mr. Everett's race was a determinative factor in Mr. Reider's decision. Mr. Reider, however, has given a nondiscriminatory reason for its decision to terminate Mr. Everett. If you believe Mr. Reiders' stated reason and if you find that the termination would have occurred because of Mr. Reider's stated reason regardless of Mr. Everett's race, then you must find for Mr. Reider. If you disbelieve Mr. Reider's stated reason for its conduct, then you may, but need not, find that Mr. Everett has proved intentional discrimination.

To prove his case against Mr. Reider under the PHRA, Mr. Everett must prove both that he was discriminated against on the basis of his race and that Mr. Reider, through his actions, encouraged, facilitated, intentionally assisted and promoted discrimination.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit §§ 1.2; 5.1.2; 43 P.S. § 955(e); Black's Law dictionary (for definition of aiding and abetting); *Dici v. Com. of Pa.*, 91 F.3d 542 (3d Cir. 1996); *Stepp v. Fairpoint Communications, Inc.*, 2007 U.S. Dist. LEXIS 88302 (W.D. Pa. 2007). (as modified)**

## 2.      Bench Conferences

During the trial it may be necessary for me to talk with the attorneys and Mr. Everett out of your hearing by having a bench conference. If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant a request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 1.4**

**3.** **Evidence**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;
2. Documents and other things received as exhibits;
3. Any facts that are stipulated--that is, formally agreed to by the parties; and
4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;
2. Objections by lawyers.
3. Any testimony I tell you to disregard; and
4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way. You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 1.5**

**4.        Direct and Circumstantial Evidence**

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 1.6**

**5.    Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

> (1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;
> (2) the quality of the witness's understanding and memory;
> (3) the witness's manner while testifying;
> (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;
> (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;
> (6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and
> (7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 1.7**

### 6.    Preponderance of the Evidence

This is a civil case. Mr. Everett is the party who brought this lawsuit. FieldWorks and Zachary Reider are the parties against whom the lawsuit was filed. Mr. Everett has the burden of proving his case by what is called the preponderance of the evidence. That means Mr. Everett has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.

To say it differently: if you were to put the evidence favorable to Mr. Everett and the evidence favorable to FieldWorks and Mr. Reider on opposite sides of the scales, Mr. Everett would have to make the scales tip somewhat on his side. If Mr. Everett fails to meet this burden, the verdict must be for FieldWorks and Mr. Reider. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, FieldWorks and Mr. Reider have the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that FieldWorks or Mr. Reider has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 1.10**

## 7. Description of Trial Proceedings

The trial will proceed in the following manner: First, Mr. Everett will make an opening statement to you. Next, an attorney for FieldWorks and Mr. Reider may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

Before the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Mr. Everett goes first because Mr. Everett has the burden of proof. Mr. Everett will present witnesses whom counsel for FieldWorks and Mr. Reider may cross-examine, and Mr. Everett may also present evidence. Following Mr. Everett's case, FieldWorks and Mr. Reider will present evidence. Mr. Everett may cross-examine witnesses for the defense.

After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, the attorneys and Mr. Everett will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to the parties' positions. As with opening statements, closing arguments are not evidence.

Once the closing arguments are completed, I will then instruct you on the law. After that you will retire to the jury room to deliberate on your verdict in this case.

[At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 1.12**

## II.      LIABILITY

### 8.      Title VII, Section 1981, and PHRA Introductory Instruction

In this case the Mr. Everett makes a claim under Federal Civil Rights and State statutes that prohibit employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin. More specifically, Mr. Everett claims that he was terminated by the FieldWorks and Mr. Reider because of his race. FieldWorks and Mr. Reider deny that Mr. Reider was discriminated against in any way. Further, FieldWorks and Mr. Reider asserts that Mr. Everett was terminated for submitting fraudulent voter applications based on evidence that he submitted duplicate voter registration applications for numerous individuals.

I will now instruct you more fully on the issues you must address in this case.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit §§ 6.0, 5.0 (as modified)**

**9.      Elements of Title VII – Disparate Treatment – FieldWorks**

In this case Mr. Everett is alleging that FieldWorks terminated Mr. Everett. In order for Mr. Everett to recover on this discrimination claim against FieldWorks, Mr. Everett must prove that FieldWorks intentionally discriminated against Mr. Everett. This means that Mr. Everett must prove that his race was a determinative factor in FieldWorks' decision to terminate Mr. Everett.

To prevail on this claim, Mr. Everett must prove both of the following by a preponderance of the evidence:

> First: FieldWorks terminated Mr. Everett; and
> Second: Mr. Everett's race was a determinative factor in FieldWorks' decision.

Although Mr. Everett must prove that FieldWorks acted with the intent to discriminate,

Mr. Everett is not required to prove that FieldWorks acted with the particular intent to violate

Mr. Everett's federal civil rights. Moreover, Mr. Everett is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all the evidence received in the case in deciding whether FieldWorks intentionally discriminated against Mr. Everett.

FieldWorks has given a nondiscriminatory reason for its decision to terminate Mr. Everett. If you believe FieldWorks' stated reason and if you find that the termination would have occurred because of defendant's stated reason regardless of Mr. Everett's race, then you must find for FieldWorks. If you disbelieve FieldWorks' stated reason for its conduct, then you may, but need not, find that Mr. Everett has proved intentional discrimination. In determining whether FieldWorks' stated reason for its actions was a pretext, or excuse, for discrimination, you may not question FieldWorks' business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of FieldWorks or believe it is harsh or unreasonable. You are not to consider FieldWorks' wisdom. However, you may consider whether Mr. Everett has proven that FieldWorks' reason is merely a cover-up for discrimination.  Ultimately, you must decide whether Mr. Everett has proven that his race was a determinative factor in FieldWorks' decision to terminate Mr. Everett

"Determinative factor" means that if not for Mr. Everett's race, the termination would not have occurred.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 5.1.2**

- 10 -

## 10.    Elements of § 1981 – Disparate Treatment – FieldWorks

In this case Mr. Everett is alleging that FieldWorks terminated Mr. Everett. In order for Mr. Everett to recover on this discrimination claim against FieldWorks, Mr. Everett must prove that FieldWorks intentionally discriminated against Mr. Everett. This means that Mr. Everett must prove that his race was a determinative factor in FieldWorks' decision to terminate Mr. Everett.

To prevail on this claim, Mr. Everett must prove both of the following by a preponderance of the evidence:

>    First: FieldWorks terminated Mr. Everett; and
>    Second: Mr. Everett's race was a determinative factor in FieldWorks' decision.

Although Mr. Everett must prove that FieldWorks acted with the intent to discriminate,

Mr. Everett is not required to prove that FieldWorks acted with the particular intent to violate

Mr. Everett's federal civil rights. Moreover, Mr. Everett is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all the evidence received in the case in deciding whether FieldWorks intentionally discriminated against Mr. Everett.

FieldWorks has given a nondiscriminatory reason for its decision to terminate Mr. Everett. If you believe FieldWorks' stated reason and if you find that the termination would have occurred because of defendant's stated reason regardless of Mr. Everett's race, then you must find for FieldWorks. If you disbelieve FieldWorks' stated reason for its conduct, then you may, but need not, find that Mr. Everett has proved intentional discrimination. In determining whether FieldWorks' stated reason for its actions was a pretext, or excuse, for discrimination, you may not question FieldWorks' business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of FieldWorks or believe it is harsh or unreasonable. You are not to consider FieldWorks' wisdom. However, you may consider whether Mr. Everett has proven that FieldWorks' reason is merely a cover-up for discrimination.  Ultimately, you must decide whether Mr. Everett has proven that his race was a determinative factor in FieldWorks' decision to terminate Mr. Everett

"Determinative factor" means that if not for Mr. Everett's race, the termination would not have occurred.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 6.1.2**

### 11.     Elements of § 1981 – Disparate Treatment – Zachary Reider

In this case Mr. Everett is alleging that Mr. Reider terminated Mr. Everett. In order for Mr. Everett to recover on this discrimination claim against Mr. Reider, Mr. Everett must prove that Mr. Reider intentionally discriminated against Mr. Everett. This means that Mr. Everett must prove that his race was a determinative factor in Mr. Reider's decision to terminate Mr. Everett.

To prevail on this claim, Mr. Everett must prove both of the following by a preponderance of the evidence:

> First: Mr. Reider terminated Mr. Everett; and
> Second: Mr. Everett's race was a determinative factor in Mr. Reider's decision.

Although Mr. Everett must prove that Mr. Reider acted with the intent to discriminate, Mr. Everett is not required to prove that Mr. Reider acted with the particular intent to violate Mr. Everett's federal civil rights. Moreover, Mr. Everett is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all the evidence received in the case in deciding whether Mr. Reider intentionally discriminated against Mr. Everett.

Mr. Reider has given a nondiscriminatory reason for its decision to terminate Mr. Everett. If you believe Mr. Reider's stated reason and if you find that the termination would have occurred because of Mr. Reider's stated reason regardless of Mr. Everett's race, then you must find for Mr. Reider. If you disbelieve Mr. Reider's stated reason for its conduct, then you may, but need not, find that Mr. Everett has proved intentional discrimination. In determining whether Mr. Reider's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question Mr. Reider's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of Mr. Reider or believe it is harsh or unreasonable. You are not to consider Mr. Reider's wisdom. However, you may consider whether Mr. Everett has proven that Mr. Reider's reason is merely a cover-up for discrimination.  Ultimately, you must decide whether Mr. Everett has proven that his race was a determinative factor in Mr. Reider's decision to terminate Mr. Everett.

"Determinative factor" means that if not for Mr. Everett's race, the termination would not have occurred.

**Model Civil Jury Instructions for the District Court of the Third Circuit § 6.1.2**

## 12.    Elements of PHRA – FieldWorks

In this case Mr. Everett is alleging that FieldWorks terminated Mr. Everett. In order for Mr. Everett to recover on this discrimination claim against FieldWorks, Mr. Everett must prove that FieldWorks intentionally discriminated against Mr. Everett. This means that Mr. Everett must prove that his race was a determinative factor in FieldWorks' decision to terminate Mr. Everett.

To prevail on this claim, Mr. Everett must prove both of the following by a preponderance of the evidence:

> First: FieldWorks terminated Mr. Everett; and
> Second: Mr. Everett's race was a determinative factor in FieldWorks' decision.

Although Mr. Everett must prove that FieldWorks acted with the intent to discriminate,

Mr. Everett is not required to prove that FieldWorks acted with the particular intent to violate

Mr. Everett's federal civil rights. Moreover, Mr. Everett is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all the evidence received in the case in deciding whether FieldWorks intentionally discriminated against Mr. Everett.

FieldWorks has given a nondiscriminatory reason for its decision to terminate Mr. Everett. If you believe FieldWorks' stated reason and if you find that the termination would have occurred because of defendant's stated reason regardless of Mr. Everett's race, then you must find for FieldWorks. If you disbelieve FieldWorks' stated reason for its conduct, then you may, but need not, find that Mr. Everett has proved intentional discrimination. In determining whether FieldWorks' stated reason for its actions was a pretext, or excuse, for discrimination, you may not question FieldWorks' business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of FieldWorks or believe it is harsh or unreasonable. You are not to consider FieldWorks' wisdom. However, you may consider whether Mr. Everett has proven that FieldWorks' reason is merely a cover-up for discrimination.  Ultimately, you must decide whether Mr. Everett has proven that his race was a determinative factor in FieldWorks' decision to terminate Mr. Everett

"Determinative factor" means that if not for Mr. Everett's race, the termination would not have occurred.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 5.1.2**

- 13 -

### 13.   Elements of PHRA – Aiding and Abetting – Zachary Reider

In order for Mr. Everett to prevail on his PHRA claim against Mr. Reider, he must prove that Mr. Reider "aided and abetted" in FieldWorks' discrimination against him.  In order for Reider to recover on this claim against Mr. Reider, Mr. Everett must first prove that FieldWorks intentionally discriminated against him.  Mr. Everett must then prove that Mr. Reider aided and abetted in that discrimination.

To prevail on this claim, Mr. Everett must prove all of the following by a preponderance of the evidence:

> First: Mr. Everett was discriminated against on the basis of his race; and
> Second: Mr. Reider, through his actions, encouraged, facilitated, intentionally assisted and promoted discrimination.

Affirmative conduct on the part of Mr. Reider is required to prove this claim; aiding and abetting cannot be established by omission or negative acquiescence. If Mr. Everett has not proven his discrimination claim by a preponderance of the evidence, there is no claim against Mr. Reider for aiding and abetting. Also, even if Mr. Everett has proven his claims for discrimination by a preponderance of the evidence, you may, but need not, find that Mr. Reider is individually liable for aiding and abetting the discrimination.

**Authority: 43 P.S. § 955(e); Black's Law dictionary (for definition of aiding and abetting); *Dici v. Com. of Pa.,* 91 F.3d 542 (3d Cir. 1996); *Stepp v. Fairpoint Communications, Inc.,* 2007 U.S. Dist. LEXIS 88302 (W.D. Pa. 2007).**

## III.    DAMAGES

### 14.    Compensatory Damages – Title VII, § 1981, PHRA – FieldWorks

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not FieldWorks should be held liable.

If you find by a preponderance of the evidence that FieldWorks intentionally discriminated against Mr. Everett by terminating him, then you must consider the issue of compensatory damages. You must award Mr. Everett an amount that will fairly compensate him for any injury he actually sustained as a result of FieldWorks' conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Mr. Everett in the position he would have occupied if the discrimination had not occurred.

Mr. Everett has the burden of proving damages by a preponderance of the evidence. Mr. Everett must show that the injury would not have occurred without FieldWorks' act. Mr. Everett must also show that FieldWorks' act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of FieldWorks' act.

This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether FieldWorks' actions were motivated by discrimination. In other words, even assuming that FieldWorks' actions were motivated by discrimination, Mr. Everett is not entitled to damages for an injury unless FieldWorks' discriminatory actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury. To find that FieldWorks' act caused Mr. Everett's injury, you need not find that Fieldwork's act was the nearest cause, either in time or space. However, if Mr. Everett's injury was caused by a later, independent event that intervened between Fieldwork's act and Mr. Everett's injury, Mr. Everett is not liable unless the injury was reasonably foreseeable by FieldWorks.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Mr. Everett experienced as a consequence of FieldWorks' allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Mr. Everett would have earned, either in the past or in the future, if he

had continued in employment with FieldWorks. These elements of recovery of wages that Mr. Everett would have received from FieldWorks are called "back pay" and "front pay".

Under the applicable law, the determination of "back pay" and "front pay" is for the court. "Back pay" and "front pay" are to be awarded separately under instructions that I will soon give you, and any amounts for "back pay" and "front pay" are to be entered separately on the verdict form.

You may award damages for monetary losses that Mr. Everett may suffer in the future as a result of FieldWorks' allegedly unlawful act. For example, you may award damages for loss of earnings resulting from any harm to Mr. Everett's reputation that was suffered as a result of FieldWorks' allegedly unlawful act.

Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, he may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination had not occurred. That element of damages is distinct from the amount of wages Mr. Everett would have earned in the future from FieldWorks if he had retained the job.

As I instructed you previously, Mr. Everett has the burden of proving damages by a preponderance of the evidence. But the law does not require that Mr. Everett prove the amount of his losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that Mr. Everett has a duty under the law to "mitigate" his damages--that means that Mr. Everett must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by FieldWorks. It is FieldWorks' burden to prove that Mr. Everett has failed to mitigate. So if FieldWorks persuades you by a preponderance of the evidence that Mr. Everett failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of Mr. Everett's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit §§ 6.4.1; 5.4.1**

### 15.    Punitive Damages – Title VII, § 1981 – FieldWorks

Mr. Everett claims the acts of FieldWorks were done with malice or reckless indifference to Mr. Everett's federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury, and so receives nominal rather than compensatory damages.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of FieldWorks personally acted with malice or reckless indifference to Mr. Everett's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway.

An action is with reckless indifference if taken with knowledge that it may violate the law.

**[For use where the defendant raises a jury question on good-faith attempt to comply with the law:**

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of Mr. Everett's federal rights, you cannot award punitive damages if FieldWorks proves by a preponderance of the evidence that it made a good-faith attempt to comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Mr. Everett.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied and that FieldWorks has not proved that it made a good-faith attempt to comply with the law, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both.

Thus, you may consider whether to award punitive damages to punish FieldWorks. You should also consider whether actual damages standing alone are sufficient to deter or prevent FieldWorks from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those FieldWorks may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which FieldWorks should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter

FieldWorks or others from committing similar wrongful acts in the future. The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against FieldWorks, you may consider the financial resources of FieldWorks in fixing the amount of those damages.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit §§ 6.4.2, 5.4.2**

### 16.    Punitive Damages – § 1981 – Zachary Reider

Mr. Everett claims the acts of Mr. Reider were done with malice or reckless indifference to Mr. Everett's federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury, and so receives nominal rather than compensatory damages.

An award of punitive damages is permissible against Mr. Reider in this case only if you find by a preponderance of the evidence that personally acted with malice or reckless indifference to Mr. Everett's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both.

Thus, you may consider whether to award punitive damages to punish Mr. Reider. You should also consider whether actual damages standing alone are sufficient to deter or prevent Mr. Reider from again performing any wrongful acts that may have been performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those Mr. Reider may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Mr. Reider should be punished for the wrongful conduct at issue in this case, and the degree to which an award of one sum or another will deter Mr. Reider or others from committing similar wrongful acts in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon a defendant's financial resources. Therefore, if you find that punitive damages should be awarded against Mr. Reider, you may consider the financial resources of Mr. Reider in fixing the amount of those damages.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 6.4.2**

### 17. Back Pay – Title VII, § 1991, PHRA – FieldWorks

If you find that FieldWorks intentionally discriminated against Mr. Everett in terminating Mr. Everett, then you must determine the amount of damages that FieldWorks' actions have caused Mr. Everett. Mr. Everett has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Mr. Everett for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Mr. Everett would have received from FieldWorks had Mr. Everett not been the subject of FieldWorks' intentional discrimination.

Back pay damages, if any, apply from the time Mr. Everett was terminated until the date of your verdict. You must reduce any award by the amount of the expenses that Mr. Everett would have incurred in making those earnings. If you award back pay, you are instructed to deduct from the back pay figure whatever wages Mr. Everett obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

You are further instructed that Mr. Everett has a duty to mitigate his damages--that is Mr. Everett is required to make reasonable efforts under the circumstances to reduce his damages. It is FieldWorks' burden to prove that Mr. Everett has failed to mitigate. So if FieldWorks persuades you, by a preponderance of the evidence, that Mr. Everett failed to obtain substantially equivalent job opportunities that were reasonably available to him, you must reduce the award of damages by the amount of the wages that FieldWorks reasonably would have earned if he had obtained those opportunities.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit §§ 5.4.3, 6.4.3**

### 18.     Front Pay - Title VII, § 1991, PHRA – FieldWorks

You may determine separately a monetary amount equal to the present value of any future wages and benefits that Mr. Everett would reasonably have earned from FieldWorks had Mr. Everett not been terminated for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits that Mr. Everett will receive from other employment during that time. Mr. Everett has the burden of proving these damages by a preponderance of the evidence.

If you find that Mr. Everett is entitled to recovery of future earnings from FieldWorks, then you must reduce any award by the amount of the expenses that Mr. Everett would have incurred in making those earnings.

You must also reduce any award to its present value by considering the interest that Mr. Everett could earn on the amount of the award if he made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Mr. Everett if he receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because Mr. Everett can earn interest on it for the period of time between the date of the award and the date he would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that Mr. Everett can earn on that amount in the future.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit §§ 5.4.4, 6.4.4**

### 19. Nominal Damages – § 1981 – FieldWorks

If you return a verdict for Mr. Everett, but he has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00. A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 6.4.5**

### 20.      Nominal Damages – § 1981 – Zachary Reider

If you return a verdict for Mr. Everett, but he has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.   A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 6.4.5**

### 21.     Nominal Damages – § Title VII – FieldWorks

If you return a verdict for Mr. Everett, but he has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.  A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 5.4.5**

## IV.    GENERAL INSTRUCTIONS FOR USE AT END OF TRIAL

### 22.    Deliberations

When you retire to the jury room to deliberate, you may take with you these instructions and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way. Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way. As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone, or computer of any kind; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, website, or social networking service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might 37 see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to

me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have
43 asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes.
For example, do not write down or tell anyone that a certain number is voting one way or
another. Your votes should stay secret until you are finished. Your verdict must represent the
considered judgment of each juror. In order for you as a jury to return a verdict, each juror must
agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You
will take this form to the jury room and when you have reached unanimous agreement as to
your verdict, you will fill it in, and have your foreperson date and sign the form. You will then
return to the courtroom and your foreperson will give your verdict. Unless I direct you
otherwise, do not reveal your answers until you are discharged. After you have reached a
verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form
of verdict is intended to suggest or convey in any way or manner what I think your verdict
should be. It is your sole and exclusive duty and responsibility to determine the verdict.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 3.1**

### 23.     Number of Witnesses

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 3.2**

### 24.      Deadlock

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with your individual judgments. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you must be open to their opinions. You should not be influenced to vote a certain way, however, by the single fact that a majority of the jurors, or any of them, will vote in a certain way. In other words, you should not surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict, or solely because of the opinions of the other jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced that those views are wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to reexamine your own views.

Remember that you are not partisans; you are judges — judges of the facts. Your only interest is to seek the truth from the evidence.

You are the judges of the credibility of the witnesses and the weight of the evidence. If you should fail to agree on a verdict, the case is left open and must be resolved at a later time. There is no reason to think that another trial would be conducted in a better way or that a different jury would decide it any better. Any future jury must be selected in the same manner and from the same source as you.

We try cases to dispose of them and to reach a common conclusion if it is consistent with the conscience of each member of the jury. I suggest that, in deliberating, you each recognize that you are not infallible, that you listen to the opinions of the other jurors and that you do so carefully with a view to reaching a common conclusion, if you can. You may take all the time that you feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

**Authority: Model Civil Jury Instructions for the District Court of the Third Circuit § 3.4**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Defendants' Proposed Jury Instructions was filed with the Court electronically on May 24, 2019. Notice of this filing will be sent to all parties via electronic mail.


/s/ Jennifer S. Park