Response in Response to May 22 brief with my response brief

Justin Everett   May 24, 2019

[signature]   May 24, 2019

FILED
MAY 24 2019
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

17-1495

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN EVERETT,  )
    Plaintiff,  )
v.  )
    )  Civil Action No. 2:17-cv-01495-PJP
Fieldworks LLC, et  )
al...  )
    Defendants.  )

# MOTION FOR RECONSIDERATION OF COURT'S APRIL 24TH JUDGEMENT

## Introduction

I will be filing my motion for reconsideration under rule 60 b, I want to thank the court for agreeing that there are some material facts to consider, I work dignity to prove my case I will have to request an extension for discovery it's just not enough time to prove my case successfully. Number one, I disagree with the order that was entered on April 24th by stating that my April 9th statement was not filed on time, which it was according to rule 15 (a), it was filed in a timely manner without a doubt. Gransky and Galloway should be included as defendants under the specific rules of jurisdiction they are liable. According to section 1981, a company that's incorporated in the state of Pennsylvania

automatically includes them into being held personally responsible for their companies' discriminatory actions, and they have exceeded the minimum number of contacts to be personally liable.

This is critically important because it proves that Gronosky and Galloway should be added they are the owners of the company who have set the policy? According to their website they are the leaders of the company. Most importantly nobody could authorize a that fires people based upon not breaking and then in the same perspective that me personally and other people of color are fired for evidence that is never shown or never produced. It's been 3 years and I'm still waiting for those duplicate cards to be show, not that it's illegal but it is the basis of why I was fired and they have not shown the evidence whatsoever.

If my motion is not considered, then I would have to appeal that decision within a 30- day period which I will. I know that the court has made a clear error in not accepting my April 9th statement into the record under rule 15 (a) and four examples that Granofsky and Galloway set the standard for jurisdiction. However, this could be partially my fault for not doing so, I simply stated that fieldworks had met both personal specific jurisdictions claim and I did not mention the case law stating that which could be part of the problem. Although I did not that it was important, I will correct this problem in the appeals process if needed.

Argument for Motion for Reconsideration

This is an example and an outline for a motion for reconsideration is in this case is from the third circuit Robin Scott v. Ronald Tully and forest Henrikson In May of 2005. Motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of judgments. Burger King Corp. v. New England Hood Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa. 2000). "The purpose of a motion for reconsideration. is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros,"https://www.casemine.com/judgement/us/5914bb24add7b04934794d8e" p677" 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki.

"https://www.casemine.com/judgement/us/59148dedadd7b0493454b371"p909" 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). "Accordingly to the law, a judgment may be altered or amended if the party that seeks reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., "https://www.casemine.com/judgement/us/59148445add7b049344b44e3" \l "p1218" 52 F.3d 1194, 1218 (3d Cir. 1995)).

These errors should be corrected.

III: My April 9th amended pleading was filed on time and should be put on record.

"According to rule what rule 15 (a)".

https://www.law.cornell.edu/rules/frcp/rule_15

Rule 15. Amended and Supplemental Pleadings here are some examples that I have from Cornell law

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under "https://www.law.cornell.edu/rules/frcp/rule_15" | "rule_12_b" Rule 12(b) "https://www.law.cornell.edu/rules/frcp/rule_15" \| "rule_12_e" (e), or "https://www.law.cornell.edu/rules/frcp/rule_15" \| "rule_12_f" (f), whichever is earlier.

My previous order that actually gave me a timeline. But in the last order doesn't or the Feb. 19th briefing schedule which should have let me include Exhibit One. However, I would still like it included into the record unless Rule 15 doesn't apply in the Third Circuit.

This is a clear error of the law that should be reversed.

IV: Granofsky and Gallaway are defiantly defendants under personal liability, Section 1981, and the PHRA and probably general jurisdiction as well. Also Depends on the definition of what you call home".)

A.) Granofsky and Gallaway have specific jurisdiction.

You can prove specific jurisdiction of a company and its corporate conspirators. Lewis Granofsky and Charles Gallaway should be listed as defendants because specific jurisdiction and its arguable that they have general jurisdiction however it depends on whether it can be said that a company that is incorporated in over a half dozen states, at least, and gets the majority of its income from presidential swing states, has an "at home" state.

This is the applicable case law that defines specific jurisdiction.

I found a case called: Lutz v. Rakuten.

https://www.casemine.com/judgement/us/5cc17774342cca1d775797a1.

Pursuant to Fed. R. Civ. P. 4(k), a district court typically exercises personal jurisdiction according to the law of the state where it sits. Id.; see Fed. R. Civ. P. 4(k)(1)(A). Therefore, because this Court sits in the Commonwealth of Pennsylvania, it must apply the Pennsylvania long-arm statute. Pennsylvania's long-arm statute provides for jurisdiction "based on the most minimum contact with the[e] Commonwealth allowed under the Constitution of the United States."
https://www.casemine.com/judgement/us/5914b3e8add7b049347690b5" \l "p316" O'Connor, 496 F.3d at 316 (alteration in original) (internal quotations omitted) (quoting 42 Pa. Cons. Ann. § 5233(b)). Accordingly, this Court must decide whether Defendants have "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. (alteration in original) (internal quotations omitted) (quoting Int'l Shoe Co. v. "https://www.casemine.com/judgement/us/5914a1e6add7b0493469024c" l "p316" Washington, 326 U.S. 310, 316 (1945)). "The nature of these contacts must be such that the defendant should be

reasonably able to anticipate being hauled into court in the forum state." Provident Nat. Bank v. California Fed. Sav. "https://www.casemine.com/judgement/us/59148c8fadd7b049345343a1" l "p437" & Loan Assn's, 819 F.2d 434, 437 (3d Cir. 1987).

Traditionally, courts apply a three-pronged test to determine whether specific jurisdiction exists. "https://www.casemine.com/judgement/us/5914b3e8add7b049347690b5" l "p317" O'Connor, 496 F.3d at 317. First "the defendant must have 'purposefully directed [its] activities' at the forum." Id. (alteration in original) (quoting Burger King v. "https://www.casemine.com/judgement/us/5914c2c5add7b049347c1e1e" \l "p472" Rudzewicz, 471 U.S. 462, 472 (1985)). There must be a "deliberate targeting of the forum" and "contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." Id. Moreover, "the defendant must have 'purposefully avail[ed] itself of the privilege of conducting activities within the forum.'" Id. (alteration in original) (quoting Hanson v. https://www.casemine.com/judgement/us/5914c9b2add7b049347f4773 "p253" Denckla, 357 U.S. 235, 253 (1958))

This is how the court had met the corporate standard regarding the Lutz case.

i. Specific Jurisdiction Over Rakuten Baseball

Plaintiff alleges that "[v]virtually all of the negotiations for a 2015 contract with defendants took place in Pennsylvania" after he returned to Pennsylvania in September 2014. ECF No. 44-1 at ¶ 7. The Court finds that it has specific personal jurisdiction over Rakuten Baseball. First, Rakuten Baseball, by way of its representatives, purposefully directed its activities at Pennsylvania. During negotiations for a 2015 contract, Rakuten Baseball representatives directly communicated with Plaintiff via email and text messages while he was in Pennsylvania. Sasaki also communicated with Plaintiff via a telephone call on November 27, 2014 to congratulate him on resigning with the Golden Eagles for the 2015 season.

Rakuten Baseball was also aware that Plaintiff was a Pennsylvania resident. For instance, Rakuten Baseball wire transferred Plaintiff's salary for the 2014 season to his bank account in Pottstown, Pennsylvania, which included Plaintiff's buyout of his 2014 contract. Id. at ¶ 12. Rakuten Baseball also paid Aetna Insurance Company for the medical insurance for Plaintiff's physical therapy and rehabilitation of his injured thumb, most of which took place in Pennsylvania. Id. However, taking Plaintiff's allegations as factually true, it is clear that Rakuten Baseball knowingly reached into Pennsylvania to recruit and employ Plaintiff to play baseball for the Golden Eagles. These are all examples of Rakuten Baseball taking action that was purposefully directed at Pennsylvania.

Second, this litigation clearly arises out of Rakuten Baseball's contacts with Plaintiff while he was in Pennsylvania. The contacts in Pennsylvania are the crux of Plaintiff's claims against Rakuten Baseball. The majority of these communications/contacts Rakuten Baseball knew, or had reason to believe, were taking placing while Plaintiff was in Pennsylvania. Third, the Court's exercise of personal jurisdiction over Rakuten Baseball supports notions of fair play and substantial justice. This matter being heard in Pennsylvania creates a substantially smaller burden on Rakuten Baseball compared to the burden Plaintiff would face if this Court would not hear this matter. Rakuten Baseball is a sophisticated corporation that has the resources to defend this matter in Pennsylvania. The relative finances of Rakuten Baseball compared to Plaintiff's finances is an overwhelming factor that supports the Court's exercise of personal jurisdiction over Rakuten Baseball.

"https://www.casemine.com/judgement/us/5cc17774342cca1d775797a1" Because Rakuten Baseball is subject to personal jurisdiction under traditional specific jurisdiction, the Court does not reach the question of whether Rakuten Baseball is subject to personal jurisdiction on Plaintiff's fraud claim under the Calder effects test. "https://www.casemine.com/judgement/us/5914b6e5add7b0493477bb3d" \l "p96" See Miller Yacht Sales, 384 F.3d at 96 n. 2.

Fieldworks opened up at least three offices here in Pennsylvania, they did the very work of registering voters to vote in PA elections, probably to help Democratic Party candidates even though I did register some Republicans in the state. Fieldworks is also incorporated here in the state and has agents. Fieldworks had hired Pennsylvania workers and paid Pennsylvania taxes; Fieldworks has even been raided several times for allegedly violating Pennsylvania laws.

That would seem to meet the minimal contacts test. This would seem to be specific targeting. The second prong of this the test for specific jurisdiction is whether the acts that arise, illegal discrimination against black workers by way of disparate treatment and disparate impact for example, within the state of Pennsylvania. It's clear that all of the actions talked about in my complaint happened here in Pennsylvania, specifically at the Wilkinsburg office. Even the somewhat shoddy fraud detection unit was based here in Pennsylvania as well. I am also a Pennsylvania resident. Just like Rakuten Baseball was found to have specific jurisdiction, even after the heightened standard enacted after Daimler and Good year, then so should Fieldworks defendants Granofsky and Gallaway.

B.) Both Section 1981 and PHRA allow personal liability of corporate actors.

This is a case regarding specific parts this matter.

Fernando Gonzalez v. Molded Acoustical Products of Easton Inc.

https://www.casemine.com/judgement/us/5914fbb7add7b049349af4c1

B. Individual Liability Under § 1981 and the PHRA

Defendants had contended that DE Pack and D'Amico were entitled to the summary judgment simply because MAP is. Doc. No. 44-12 at 13-14. MAP is not entitled to summary judgment, and in any event, DE Pack and D'Amico are not either based on the record before me.

"[A] claim seeking to impose personal liability under Section 1981 must be predicated on the actor's personal involvement and there must therefore be some affirmative link to causally connect the actor with the discriminatory action." Johnson v. Res. for Human Dev., Inc.,"https://www.casemine.com/judgement/us/5914be2aadd7b049347a68b8" \l "p978" 843 F. Supp. 974, 978 (E.D. Pa. 1994). Similarly, "an individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) [of the PHRA] for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision." Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C., "https://www.casemine.com/judgement/us/5914bb7aadd7b04934796f0a" \l "p887" 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998).

Testimony indicates that the decision to not rehire Plaintiffs rested solely with DE Pack and D'Amico, both of whom were unquestionably supervisory employees. DE Pack Dep. at 71-73; Hanni Dep. at 36; Kuypers Dep. at 50. This evidence suffices to raise a material factual issue regarding DE Pack and D'Amico's individual liability under § 1981 and § 955(e), and I will deny Defendants' motion accordingly.

This court has made a clear error of law even though I take some of the blame for not introducing the case law earlier. I just assume that Stanford grads are smarter and better and know all the case law. Perhaps the judge is merely human, at times.

Exhibit One:


Respectfully,

Justin Everett


Date: May 24, 2019
Signature: *Just J Ev*










## Certificate of Service


I certify that on the---- 24 day of May 2019 this statement will be emailed or mailed to the Defendant's lawyers and a copy was either mailed or delivered to the clerk's office.

Signature: [signature]
Date: May 24, 2015