IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN EVERETT,
        Plaintiff,

v.

Fieldworks LLC, et al..,
        Defendants.

Civil Action No. 2:17-cv-01495-PJP

## MOTION TO STAY PROCEEDINGS UNTIL PENDING NOTICES OF APPEAL ARE COMPLETED

1. It turns out that my work requires my presence on June 10th and I will not be able to attend jury selection or the "trial", scheduled bizarrely on the same day. I was going to ask for a continuance but I realize this is part of a bigger problem. Oh, and just for the record, I don't own a yacht or a trust fund. I can't just take off work whenever I want to. I'm a wage earner though I'm relatively poor compared to my financial needs. I can provide the work schedule if the court requests. (Just found out Thursday the 6th.)

2. I have mentioned the court's massive prejudice in my case before on my May 30th statement. (Exhibit One, Doc. 89)

3. I believe that an equitable remedy would be for the court to actually follow its own May 21st statement. This is where the court states this (Exhibit Two, Doc. 81):

**For the reasons set forth on the record, Motion to Quash Subpoena Delivered May 2nd to Non Party Philip Shropshire, ECF No. 71, and Motion to Quash May 6th Subpoena Handed to a Person at My House and Not Me and Motion to Extend the Discovery by 60 Days, ECF No. 72, are granted. The appropriate order will follow.**

1

4. Well that order was never written. And the judge never bothered to explain why.

5. This odd action of a judge not enforcing his own orders, I would hope inadvertently, guts my case. Even if I were to show up on June 10th I don't have anything to present to a jury because I simply haven't been given enough time to complete discovery. Or any discovery. Our requests for interrogatories and documents are timely under the order that should have been written. They're untimely under the old timeline.

6. It should be pointed out that neither side has had the opportunity to do adequate discovery. This is why the Defendant's subpoenas for depositions were quashed. And it looks like our requests for documents would be untimely under the old timeline, although not the new one that was promised.

7. As an equitable remedy, I will ask the appeals court to enforce the order that the court has already written. (Exhibit Two.) And that sixty days of discovery be added to the case for both sides (I heard Fieldworks wants to depose me.), and that all attendant motions and responsibilities, such as jury instructions, motions in limine, motions to compel, depositions and such, be re opened within the deadline.

8. There is no prejudice to either side as far as I can see by expanding discovery by 60 days. And none has been articulated. The lack of a promised discovery extension, routine in most cases I've looked at, causes irreparable damage to my case, especially since I was operating under the premise, and a court document written by the judge, that stated such. A discovery period that was siphoned off because I had to defend a 57 summary judgment motion before discovery had even ended. Unfair. Unfair and prejudicial I say. Manifestly unjust.

9. I look forward to my hearing in front of the appeals court.

10. I still haven't received one shred of evidence that the thing that I was allegedly fired for, "duplicate registrations", even exists. Or what database this evidence spawns from, which is odd being that I was required to take photographs of the almost 2000 voter registrations that I completed. They should have photos of my alleged crimes. I have seen nothing. Nothing.


Sincerely,
Justin Everett

Date: 6/7/2019
Signature: *[signed]*

# Certificate of Service

I certify that on the _7th_ day of _June_ 2019 this statement will be emailed or mailed to the Defendant's lawyers and a copy was either mailed or delivered to the clerk's office.

Signature: _[signature]_
Date: _6/7/2019_